UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BETH F. COBERT, Acting Director, Office of Personnel Management<br><br>    Defendant. | Case No. 15-cv-03144-WHO<br><br>**ORDER GRANTING MOTION TO STAY PENDING DECISION BY MDL PANEL**<br><br>Re: Dkt. No. 24 |

Defendant Beth F. Cobert, Acting Director of the Office of Personnel Management, asks for a temporary stay of these proceedings until the Judicial Panel on Multidistrict Litigation decides her motion to transfer this and other related actions for consolidated or coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407. Dkt. No. 24. Plaintiffs oppose the motion. Dkt. No. 26. Pursuant to Civil Local Rule 7-1(b), I find this matter appropriate for resolution without oral argument and I VACATE the hearing set for August 26, 2015. Because a temporary stay will preserve judicial resources, likely avoid duplicative litigation, and not prejudice plaintiffs, defendant's motion for a stay is GRANTED.

Cases pending in different districts involving common questions of fact may be transferred by the MDL Panel to another district for consolidated pretrial proceedings. *See* 28 U.S.C. § 1407(a). "In determining whether to stay proceedings pending a motion before the MDL Panel, the factors to consider include: (1) conserving judicial resources and avoiding duplicative litigation; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the nonmoving party." *Douglas v. Bristol-Myers Squibb Co.*, 2013 WL 4013901, at *1 (N.D. Cal. Aug. 5, 2013).

A stay will conserve judicial resources and potentially avoid duplicative litigation. It will be of relatively short duration: the MDL Panel has scheduled a hearing on the motion to transfer for October 1, 2015. The stay will not prejudice plaintiffs, given how short it will be and what an early stage of litigation the parties are in. *See, e.g.*, *Fuller v. Amerigas Propane, Inc.*, 09-cv-2616 TEH, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009) (stay would cause plaintiffs no real prejudice where case was in early procedural stage and MDL Panel was expected to hear motion to transfer within a few months). Plaintiffs' pursuit of relief will not be materially affected. And if plaintiffs are correct that defendant's transfer motion is unlikely to be granted, this matter will proceed shortly upon denial of the transfer motion.

## CONCLUSION

For the reasons stated, defendant's motion to stay is GRANTED. Dkt. No. 24. The parties shall advise the Court within three days of the MDL Panel's ruling on defendant's transfer motion.

**IT IS SO ORDERED**.

Dated: August 20, 2015

WILLIAM H. ORRICK
United States District Judge